William C. Little
Texas Bar No. 24026854
LITTLE & McCOOL, P.C.
301 Main Plaza #372
New Braunfels, Texas 78130
Phone: (830) 321-0120
Fax: (830) 266-5580
Email: bill@littlemccool.com
Attorneys for Plaintiff
Ballout Real Estate, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GREG N. WISNER AND | § | Case No. 21-41120 |
| DANA P. WISNER, | § | Chapter 7 |
| | § | |
| Debtors, | § | |
| | § | |
| BALLOUT REAL ESTATE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. P. No. _____ |
| | § | |
| GREG N. WISNER AND | § | |
| DANA P. WISNER, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Ballout Real Estate, LLC ("Plaintiff") files its Original Complaint against Defendants Greg N. Wisner and Dana P. Wisner ("Defendants"), debtors in the underlying bankruptcy proceeding, as follows:

**I.    PARTIES**

1. Plaintiff Ballout Real Estate, LLC is a Texas limited liability company doing business in Texas.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

2. Defendant Greg N. Wisner is an individual residing in the boundaries of the Eastern District of Texas. Said Defendant can be served with summons and this complaint at 1590 Cottonwood Trail, Prosper, Texas 75078 or wherever he may be found.

3. Defendant Dana P. Wisner is an individual residing in the boundaries of the Eastern District of Texas. Said Defendant can be served with summons and this complaint at 1590 Cottonwood Trail, Prosper, Texas 75078 or wherever she may be found.

## II.    JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1334(b) and 157. The claims asserted herein concern the administration of the Debtors' bankruptcy estate and is, therefore, a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper for this Complaint pursuant to 28 U.S.C. § 1409.

## III.    FACTUAL BACKGROUND

5. Defendant Greg N. Wisner ("Greg Wisner") and Dana P. Wisner ("Dana Wisner") are the principals or owners of various businesses including G Wise Group, LLC ("G Wise Group") and GWise Developments Limited Liability Company ("GWise Developments") (G Wise Group and GWise Developments are collectively referred to herein as "GWise").

6. Plaintiff Ballout Real Estate LLC ("Ballout") owns commercial property at 2411 Sam Rayburn Highway, Melissa, Texas 75454 (the "Melissa Property") and at 7800 Rowlett Road, Rowlett, Texas 75089 (the "Rowlett Property").

7. Ballout hired Greg Wisner through his company GWise to serve as the general contractor on a construction project at the Melissa Property (the "Melissa Project") and the Rowlett Property (the "Rowlett Project") (collectively, the "Projects").

8. Greg Wisner and GWise subcontracted out certain work on the Melissa Project to Patriot Concrete, Inc. ("Patriot Concrete").

9. Greg Wisner, claiming to be acting on behalf of GWise, then contracted with Patriot Concrete to pave an area of the land at the Melissa Project in exchange for $92,943.45.

10. GWise Group had forfeited its existence with the Texas Secretary of State as of February 8, 2013. Therefore, pursuant to Texas Law, Greg Wisner was contracting with Patriot Concrete individually and/or through GWise Developments.

11. Pursuant to the said agreement, Greg Wisner and/or GWise were to pay Patriot Concrete $92,943.45 upon delivery of the concrete.

12. Patriot Concrete delivered the concrete, but neither GWise nor Greg Wisner paid Patriot Concrete for the concrete.

13. On or around February of 2020, the bid was accepted by Ballout and contracts were executed to commence work on the Properties. Dana Wisner is the Member of the GWise Developments.

14. Ballout provided approximately $1.8 million to Defendant GWise Developments to commence work on the Properties.

15. GWise, a close-knit family business, began to defraud and appropriate monies received from Plaintiff over a span of a year.

16. Defendants were in direct communication with Ballout regarding the progress of the Projects.

17. Defendants submitted frequent invoices to Ballout for expenses that GWise allegedly paid to subcontractors and for materials and represented such invoices to be accurate and true,

**PLAINTIFF'S ORIGINAL COMPLAINT** – Page 3

which later was discovered to be false as subcontractors were not being paid as represented by Defendants.

18. For example, on several occasions Defendants sent requests for preorder materials under the false pretense that payment had to be provided in advance to secure the materials for construction, which was untrue.

19. The Defendants thus perpetuated their scheme to defraud Plaintiff by maximizing funds being collected from Ballout by falsely misrepresenting to Ballout that funds were being paid to GWise vendors, subcontractors, and materials for work on the Projects. Ballout reasonably relied on Defendants' false and misleading representations to Ballout's detriment.

20. It was not until vendors and subcontractors began filing liens for nonpayment that Ballout discovered that these parties had not been paid by Defendants, despite Defendants' representations and assurances that they had been paid.

21. Defendants have not provided Ballout with an accounting as to how Ballout's monies have been expended.

22. Patriot Concrete sued Greg Wisner and GWise in Cause No. 471-02547-2021 in the 471st Judicial District Court of Collin County, Texas (the "Collin County Lawsuit") for claims including breach of contract, unjust enrichment, quantum meruit, promissory estoppel, violations of the Texas Prompt Payment Act, and Fraud (Fraudulent Inducement). See **Exhibit 1** (Plaintiff's Original Petition) attached hereto and incorporated herein by reference.

23. Greg Wisner and G Wise, although duly and legally cited to appear and answer the Collin County Lawsuit, wholly made default. Therefore, by such default, Greg Wisner and G Wise

were found by the state court to have admitted the allegations in the Plaintiff's Original Petition filed by Patriot Concrete in the Collin County Lawsuit.

24. On July 6, 2021, judgment was entered in favor of Patriot Concrete and against Greg Wisner and G Wise in the Collin County Lawsuit. See **Exhibit 2** (Interlocutory Default Judgment against Greg Wisner and GWise Developments) attached hereto and incorporated herein by reference. The judgment provided as follows:

> On the 6th day of June, 2021, came on to be heard in the above-entitled and numbered case PATRIOT CONCRETE, INC.'s ("Plaintiff") Motion for Default Judgment against G WISE DEVELOPMENTS, LLC ("Developments") and GREGORY WISNER ("Wisner"). After reviewing the motion and the pleadings on file, the Court GRANTS the Motion for Default Judgment against Developments and Wisner and the Court RENDERS default judgment for Plaintiff on an interlocutory basis.
>
> Developments and Wisner, although duly and legally cited to appear and answer, wholly made default. The Court is of the opinion that Developments and Wisner, by their defaults, admitted the allegations in Plaintiff's Original Petition filed in 471-02547-2021.
>
> The Court finds that Developments and Wisner breached their valid contract with Plaintiff.
>
> The Court finds that Developments and Wisner were unjustly enriched by the provision of concrete by Plaintiff that was never paid for.
>
> The Court finds that Developments and Wisner are liable to Plaintiff for quantum meruit for the provision of concrete that Developments and Wisner accepted yet never paid for.
>
> The Court finds that Developments and Wisner are liable to Plaintiff for promissory estoppel for making promises that Plaintiff relied on to Plaintiff's detriment.
>
> The Court finds that Developments and Wisner are liable to Plaintiff for violating the Texas Prompt Payment Act.
>
> The Court finds that Developments and Wisner are liable to Plaintiff for fraud.
>
> The Court finds that Plaintiff has elected to recover against Developments and Wisner for fraud.

> IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Default Judgment against Developments and Wisner is GRANTED.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the material allegations of Plaintiff's Original Petition be, and the same are, deemed admitted.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Developments and Wisner benefit of the bargain damages in the sum of $92,943.45.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Developments and Wisner exemplary damages for fraud in the amount of $278,830.35, representing three times the benefit of the bargain damages.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Developments and Wisner post-judgment interest at the rate of 5% per annum from on the date this Default Judgment is signed until the total amount of the Default Judgment is paid in full.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that $329.00 of Plaintiff's costs and $160.00 in service costs are hereby taxed against Developments and Wisner.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall be able to abstract this judgment immediately.
>
> SIGNED [on] 7/6/2021.

25. Also, on July 6, 2021, a similar judgment was entered in favor of Patriot Concrete against G Wise Group. See **Exhibit 3** (Interlocutory Default Judgment against G Wise Group) attached hereto and incorporated herein by reference.

26. Patriot Concrete also brought suit against Ballout in the Collin County Lawsuit to collect payment for work on the for alleged nonpayment after Greg Wisner and GWise failed to pay Patriot Concrete for their work.

27. Ballout ultimately entered into a monetary settlement agreement with Patriot Concrete and settled their claims.

28. As part of the parties' settlement agreement, Patriot Concrete entered into an Assignment of Default Judgments agreement with Ballout in which Patriot Concrete - in exchange for a $35,000 payment and other good and valuable consideration from Ballout - assigned, transferred, set over, delivered, and conveyed to Ballout all of Patriot Concrete's rights, title, benefits, interest, and privileges under the two default judgments attached hereto as **Exhibits 2 and 3**. As a result of such assignment, Plaintiff has standing to bring the claims herein against Defendants.

29. Defendants have obtained ill-gotten gains from the fraudulent billing and collections practices explained above, which Defendants collectively and jointly perpetrated against Ballout resulting in Ballout over-paying substantial sums of money and the unjust enrichment of Defendants.

30. By the Summer of 2020, Defendants and their companies were subjected to substantial claims and liabilities, so the Defendants embarked on a scheme to fraudulently transfer assets to avoid creditors.

31. On or about July 15, 2020, Defendants utilized part of their ill-gotten gains from Ballout discussed above to purchase a brand new, luxurious house located at 1590 Cottonwood Trail, Prosper, Texas 75078 in Collin County, Texas ("the Defendant's Property").

32. Defendant's Property is approximately 3,657 square feet with 4 bedrooms, 4.5 baths, and a 3-car garage on 0.28 acres.

33. Upon information and belief, Defendants paid over $730,000.00 to purchase the Defendant's Property, of which approximately $510,400.00 was financed and the remainder paid in cash.

34. All conditions precedent to Plaintiff's claims herein against Defendants have occurred or been satisfied.

### IV. CAUSES OF ACTION

**A. Count 1 - Theft-Civil Liability Act**

35. Plaintiff realleges and incorporate the facts and allegations set forth above as if they were fully set forth herein.

36. Under the Texas Theft Liability Act, an individual who commits theft is liable for the damages resulting from the theft. Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-.005. Theft is defined as "unlawfully appropriating property or unlawfully obtaining services."

37. Defendants' actions constitute theft as that term is defined in the Texas Theft Liability Act, Texas Civil Practice & Remedies Code, Chapter 134. Defendants were in control of Plaintiff's monies and Defendants wrongfully diverted funds belonging to Plaintiff.

38. Pleading further and in the alternative, if necessary, Defendants unlawfully appropriated Plaintiff's monies and kept possession of funds rightfully belonging to Plaintiff's for Defendants' own personal gain and unjust enrichment.

39. Defendants' theft proximately caused injury to Plaintiff within the Court's jurisdiction.

**B. Count 2 – Conversion**

40. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

41. Plaintiff owned, possessed, or had right to immediate possession of certain monies. The property converted was personal property. This property is the sole and exclusive property of Plaintiff. Plaintiff had an exclusive right to possession and distribution of such property, which is valuable to Plaintiff and vital to its continued business operations.

42. Defendants wrongfully exercised dominion and control over the Plaintiff's property.

43. Defendants wrongfully, intentionally and willfully stole or exercised unlawful possession over Plaintiff's monies. Defendants failed to pay subcontractors and instead misappropriated Plaintiff's money for the Defendants' own use and benefit to unjustly enrich themselves to the detriment of Plaintiff.

44. Allowing Defendants to retain the benefits received as a result of their wrongful acts would unjustly benefit Defendants at Plaintiff's expense.

45. As a direct and proximate result of Defendants' actions, Plaintiff has lost, and will continue to lose monies to which Plaintiff owns and is entitled to in an amount to be determined at trial. Defendants' wrongful conduct was a substantial factor in causing this harm.

46. Plaintiff has suffered injury as a result of Defendants' conduct for which Plaintiff now brings this suit. Plaintiff seeks recovery of its actual and consequential damages, costs, interest, and exemplary damages.

47. Plaintiff is entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial.

48. In addition, or in the alternative, Plaintiff is entitled to restitution of Defendants' ill-gotten gains. Plaintiff will seek its election of remedies at trial.

**C.**     **Count 3 – Unjust Enrichment/Money Had and Received**

49. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

50. Defendants obtained and held money which in equity and good conscience belongs to Plaintiff.

51. Defendant unjustly received benefits at the expense of Plaintiff through their wrongful conduct, including Defendants' interference with Plaintiff's business relationships and other unfair business practices.

52. Defendants continue to unjustly retain these benefits at the expense of Plaintiff. It would be unjust and inequitable for Defendants to retain any value or benefit they obtained as a result of their wrongful conduct. Plaintiff is entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Plaintiff's expense.

D. **Count 4 - Fraud, Fraud by Concealment, Fraud through Misrepresentation, and Fraud by Non-Disclosure**

53. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

54. By reason of Plaintiff's reliance on false representations and fraudulent concealment of material facts by Defendants, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court. Defendants have employed a scheme and common course on conduct to defraud Plaintiff. The misrepresentations and concealment of facts by Defendants were material.

55. Defendants knew the misrepresentations and concealment of facts were false. Alternatively, Defendants acted with reckless disregard as to whether the representations to Plaintiff were true.

56. Plaintiff relied upon the misrepresentations and concealment of facts by Defendants.

57. Plaintiff's reliance on these representations and concealment of facts by Defendants was reasonable and justifiable. Plaintiff has suffered, and continue to suffer, economic and non-economic losses because of the wrongful conduct of Defendants.

58. Defendants' fraudulent acts or omissions have proximately caused damages to Plaintiff, for which Plaintiff now sues for damages, including but not limited to recovery of all actual damages sustained plus all reasonable and necessary attorneys' fees incurred in the prosecution of this claim, prejudgment and postjudgment interest at the highest lawful rates, and all taxable costs of court, and exemplary damages.

59. Moreover, the Court may impose a constructive trust on proceeds, funds, or property obtained as a result of fraud. Plaintiff requests the Court to impose a constructive trust on Defendants' assets.

**E.** **Count 5 - Civil Conspiracy and Aiding and Abetting**

60. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

61. Each Defendant was a member of a combination of two (2) or more persons or business entities. The object of the combination was to accomplish an unlawful purpose namely to divert, convert and/or wrongfully take Plaintiff's monies and to defraud Plaintiff for the unlawful and unjust enrichment of Defendants.

62. Defendants, as members of such combination, had a meeting of the minds on the object or course of action. At least one of the Defendants committed an unlawful, overt act to further the course of action. And Defendants willfully, intentionally, and knowingly agreed and conspired with each other to engage in the alleged wrongful conduct.

63. Pleading further and the alternative, if necessary, Defendants, acting separately and in combination with GWise, undertook the fraudulent scheme detailed herein to unlawfully and unjustly obtain money from Plaintiff under the false pretenses that such money was required to pay subcontractors or buy materials, when in reality Defendants were diverting

such money from GWise to themselves to pay for their opulent lifestyles and the purchase of a luxury home.

64. Such conduct and money transfers were undertaken by Defendants with an actual intent to hinder, delay, or defraud creditors of GWise and/or Defendants in violation of the Texas Uniform Fraudulent Transfer Act, Chapter 24 of the Texas Business & Commerce Code ("TUFTA").

65. Pursuant to Section 24.005(a) of the TUFTA, the transfers in question were fraudulent because Defendants and GWise made such transfers (1) with actual intent to hinder, delay, or defraud their creditors or (2) without receiving a reasonably equivalent value in exchange for the transfers, and engaging in such transfers that resulted in GWise's remaining assets to be unreasonably small in relation to the transactions in question. Alternatively, GWise incurred or reasonably believed it would incur debts that it would not be able to repay or the transfers were made to Defendants –insiders of GWise – while it was insolvent.

66. As a direct and proximate result of the acts in furtherance of the conspiracy between Defendants and GWise, Plaintiff suffered injury, damage, loss, and harm, for which Plaintiff now brings this suit.

67. Defendants' intentional agreement to commit, and commission of, these wrongful acts were willful, malicious, oppressive, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to an award of punitive damages to punish Defendants for their wrongful conduct and deter future wrongful conduct.

**F.** **Count 6 - Accounting**

68. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

69. Defendants have obtained Plaintiff's monies and failed to pay subcontractors. The exact amount of money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the income Defendants have obtained through their wrongful and unlawful conduct described herein. Plaintiff is entitled to a full accounting of the monies received by Defendant and/or business under Defendants' control.

**G.    Count 7 - Exemplary Damages**

70. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

71. Defendants' actions and/or omissions, as complained of herein, were committed knowingly, willfully, intentionally, with actual awareness, or with actual malice. In order to punish Defendants for such unconscionable overreaching acts and to deter such actions and/or omission in the future, Plaintiff seeks recovery from Defendants of exemplary damages as provided by Chapter 41 of the Texas Civil Practice and Remedies Code.

**H.    Count 8 – Attorney's Fees**

72. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

73. In accordance with the Texas Civil Practices & Remedies Code, TUFTA, and the Texas Theft Liability Act, Plaintiff is entitled to judgment against Defendants for Plaintiff's reasonable attorney's fees incurred in prosecuting this action through final appeal.

**I.    Count 9 – Request for Declaratory Judgment**

74. Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth herein.

75. Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiff seeks declaratory judgment to resolve an existing controversy concerning the parties' respective rights and obligations regarding the Defendant's Property. Defendants have taken the position in the underlying bankruptcy proceeding that the Defendant's Property is an exempt asset and Defendants are seeking to avoid and cancel any judgment lien arising from the judgment Patriot Concrete obtained against Greg Wisner.

76. Plaintiff has shown herein that the Defendant's Property was obtained through ill-gotten gains received by Defendants through their fraudulent and unlawful scheme set forth in detail herein.

77. Given the controversy between the parties regarding their respective rights and obligations concerning the exempt status of the Defendant's Property, Plaintiff seeks declaratory judgment that Defendant's Property is not an exempt asset and, therefore, Defendants are not entitled to avoid or cancel any judgment liens against such property.

**J.**    **Discovery Rule/Fraudulent Concealment Doctrine**

78. Plaintiff did not discover that Defendants had engaged in the false, misleading, or deceptive acts or practices set forth above until long after their improper conduct began. Also, Plaintiff could not have, in the exercise of reasonable diligence, have discovered such deceptive and fraudulent actions sooner.

79. Defendants' false, misleading or deceptive acts or practices related to a variety of complex legal and/or accounting issues, which were well beyond the knowledge and understanding of Plaintiff.

80. In addition, Defendants fraudulently concealed their wrongdoing from Plaintiff. Despite having actual knowledge that they had engaged in false, misleading, or deceptive acts or practices, Defendants concealed their wrongdoing from Plaintiff by making misrepresentations and/or by remaining silent when they had a duty to disclose such wrongdoings to Plaintiff.

## V. PLAINTIFF'S DAMAGES

81. As a direct and proximate result of the acts and/or omissions of the Defendants as described herein above, Plaintiff sustained damaged within the jurisdictional limits of this Court. Such damages include massive financial losses that Plaintiff incurred as a result of Defendants' scheme to misappropriating hundreds of thousands of dollars from Plaintiff which should have been paid to GWise subcontractors and applied toward completion of the Melissa Project and the Rowlett Project, but which were instead wrongfully diverted to unjustly enrich the Defendants.

82. On the Rowlett Project, Plaintiff paid approximately $1.15 Million to GWise and Defendants toward a project that was supposed to cost a total of approximately $1.375 Million to complete. Instead, Plaintiff is left having to pay other contractors who were hired to replace GWise and Defendants on the project an additional $1.2 Million to complete the Rowlett Project.

83. On the Melissa Project, Plaintiff paid approximately $800,000 to GWise and Defendants toward a project that was supposed to cost a total of approximately $1.4 Million to complete. Instead, Plaintiff is left having to pay other contractors who were hired to replace GWise and Defendants on the project an additional $1.7 Million to complete the Melissa Project.

84. All of these costs increases and overruns incurred by Plaintiff are a direct and proximate result of Defendants' conduct described herein and constitute Plaintiff's economic damages, along with monthly interest charges that Plaintiff is incurring on both projects that would not otherwise have been incurred.

85. Plaintiff brings suit against Defendants to recover all of Plaintiff's economic damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Ballout Real Estate, LLC respectfully requests that, upon final hearing of this matter, Plaintiff be awarded judgment against Defendants for the following relief:

1. Plaintiff's actual damages;

2. Plaintiff's reasonable and necessary attorney's fees;

3. Exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code;

4. Pre-judgment and post-judgment interest at the maximum rates allowed by law;

5. Declaratory judgment as requested herein; and

6. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**LITTLE & McCOOL, P.C.**

By: */s/ William C. Little*
William C. Little
Texas Bar No. 24026854
301 Main Plaza #372
New Braunfels, Texas 78130
Phone: (830) 321-0120
Fax: (830) 266-5580
Email: bill@littlemccool.com

**ATTORNEYS FOR PLAINTIFF
BALLOUT REAL ESTATE, LLC**

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing instrument was served on all parties of record through their counsel via the Court's electronic filing system on November 1, 2021.

/s/ *William C. Little*